## SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Yuseff Parris ("Parris"), Dawn Littlepage ("Dawn"), and Ntshona Littlepage ("Ntshona") (collectively, "Plaintiffs") and defendants Lucky Nephew Construction Services Corporation ("Lucky Nephew"), Alonzo Williams ("Williams"), G&M Realty L.P. ("G&M"), and David Wolkoff ("David"), along with the estate of defendant Gerald Wolkoff ("Gerald") (collectively, "Defendants" and, together with Plaintiffs, the "Parties" or individually a "Party") hereby enter into and agree upon the terms of this Settlement Agreement and Release ("Agreement").

**WHEREAS,** Plaintiffs filed a complaint against Defendants in the United States District Court for the Eastern District of New York in an action entitled *Parris et al. v. Lucky Nephew Construction Services Corporation, et al.*, Civil Action No. 1:20-cv-01253 (the "Pending Action") alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

**WHEREAS**, defendant Charles Rollins was never served with process in the Pending Action, never appeared in the Pending Action, and is not a party to this Agreement;

**WHEREAS**, defendant Gerald passed away after the Complaint in the Pending Action was filed but before the Parties reached a settlement;

**WHEREAS,** Defendants expressly deny any wrongdoing related to the allegations in the Pending Action, including any violations of the FLSA and NYLL;

**WHEREAS,** the Parties have agreed that it is in their mutual interest to avoid further costs of litigation and to resolve fully and finally all of the disputes asserted in the Pending Action upon the terms and conditions more fully set forth herein;

1

**NOW THEREFORE,** in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **No Admission of Liability**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall in any way be construed as an admission by Defendants of any liability or any act of wrongdoing whatsoever against Plaintiffs. Rather, this Agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by the Parties that this Agreement is being entered into to avoid the further burden, expense, delay and uncertainty of litigation.

2. **Dismissal of Pending Action**. The Parties agree that, upon executing the Agreement, the Parties, through their attorneys, shall execute a Stipulation and Order of Dismissal With Prejudice of the Pending Action, with each Party bearing its own fees and costs, in the form annexed hereto as **Exhibit A**. The Parties agree that Defendants' counsel will hold the Stipulation and Order of Dismissal With Prejudice in escrow and will not file the Stipulation and Order of Dismissal With Prejudice with the Court unless and until the Court issues an Order approving the Agreement in its entirety, at which time Defendants' counsel may file the Stipulation and Order of Dismissal With Prejudice with the United States District Court, Eastern District of New York, without further notice.

3. **Consideration**. Within thirty (30) days of the date on which the Court issues an Order approving this Agreement, Defendants shall pay Plaintiffs the total sum of Thirty Two Thousand Five Hundred Dollars and Zero Cents ($32,500.00) (the

"Settlement Payment"). The Settlement Payment shall be allocated to Plaintiffs and their counsel as follows:

a. To Parris:

   i. Six Thousand Six Hundred One Dollars and Seventy-Five Cents ($6,601.75), less applicable taxes and withholdings, which shall be reported on an IRS Form W-2 as and for unpaid wages; and

   ii. Six Thousand Six Hundred One Dollars and Seventy-Four Cents ($6,601.74), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099 as and for liquidated damages.

b. To Dawn:

   i. One Thousand Two Hundred Fifty-Three Dollars and Eighty-Four Cents ($1,253.84), less applicable taxes and withholdings, which shall be reported on an IRS Form W-2 as and for unpaid wages; and

   ii. One Thousand Two Hundred Fifty-Three Dollars and Eighty-Three Cents ($1,253.83), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099 as and for liquidated damages.

c. To Ntshona:

   i. Two Thousand Four Hundred Seventy-Two Dollars and Fifty-Six Cents ($2,472.56), less applicable taxes and withholdings, which shall be reported on an IRS Form W-2 as and for unpaid wages; and

   ii. Two Thousand Four Hundred Seventy-Two Dollars and Fifty-Five Cents ($2,472.55), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099 as and for liquidated damages.

    d. To Katz Melinger PLLC, One Thousand Five Hundred Fifteen Dollars and Sixty Cents ($1,515.60) as and for reimbursement of costs and expenses and Ten Thousand Three Hundred Twenty-Eight Dollars and Thirteen Cents ($10,328.13) as and for attorneys' fees, for a total of Eleven Thousand Eight Hundred Forty-Three Dollars and Seventy-Three Cents ($11,843.73), from which no withholdings shall be taken and which shall be reported on an IRS Form 1099.

4. **Tax Forms**. Prior to receiving any portion of the Settlement Payment, Plaintiffs, through their counsel, shall provide Defendants' counsel with completed IRS Forms W-4 and W-9, and Plaintiffs' counsel shall also provide Defendants' counsel with a completed IRS Form W-9.

5. **Indemnification.** Plaintiffs agree to indemnify and hold Defendants harmless against any and all tax liabilities, claims, damages, and costs, including reasonable attorneys' fees, which Defendants may incur as a result of Plaintiffs' failure to pay any taxes on the Settlement Payment. To the extent any payment is required by this Agreement to be paid under IRS Forms W-2 with appropriate deductions and withholdings, Plaintiffs shall bear no responsibility for or in connection with the failure of any of the Defendants to make any employers' contributions to payroll taxes related to such portions of the Settlement Payment.

6. **Delivery of Payments.** All payments under this Agreement shall be delivered to Plaintiffs and Plaintiffs' counsel by the deadline set forth in Paragraph 3 of this Agreement via FedEx Overnight delivery, as follows:
    a. To Yuseff Parris, at 33 State Street, West Babylon, New York 11704;

    b. To Dawn Littlepage, at 331 Beach 27th Street, Apt. 2, Far Rockaway, New York 11691;

    c. To Ntshona Littlepage, at 331 Beach 27th Street, Apt. 2, Far Rockaway, New York 11691; and

    d. To Katz Melinger PLLC, at 280 Madison Avenue, Suite 600, New York, New York 10016.

7. **Default.** Should Defendants fail to timely deliver the Settlement Payment pursuant to Paragraph 3 of this Agreement ("Default"), then Plaintiffs' counsel shall send written notice of the Default to counsel for Defendants ("Notice of Default"). Upon receipt of the Notice of Default by Defendants' counsel, Defendants shall have ten (10) days to cure the Default. Should Defendants fail to timely cure the Default, then this Agreement shall be null and void and of no further force or effect, and Plaintiffs may send notice of Defendants' Default to the Court and request that the Pending Action continue.

    a. All Notices of Default and other written demands to Defendants shall be delivered to Defendants via their respective counsel: for defendants Lucky Nephew and Williams, to Jarrett Adams, via email at jadams@jarrettadamslaw.com and via USPS First Class Mail to Law Offices of Jarrett Adams, PLLC, 40 Fulton Street, Floor 23, New York, New York 10038; for defendants G&M, David, and the estate of Gerald Wolkoff, to David Mahoney via email at DMahoney@SilvermanAcampora.com and via USPS First Class Mail to Silverman Acampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753.

    b. Delivery of any Notice of Default or written demand to Defendants' counsel by

either email or regular mail shall constitute receipt of the Notice of Default or written demand by Defendants.

8. **Plaintiffs' Release of Defendants.**

    a. Except as to any rights or claims as may be created by this Agreement between the Parties, Plaintiffs and their servants, predecessors, successors, heirs, assigns, agents, attorneys and representatives, and respective successors in interest and each and every one of them (collectively, "Releasors"), do hereby forever, fully, finally and completely remise, release and discharge Defendants and their predecessors, successors, heirs, assigns, agents, shareholders, officers, directors, employees, attorneys, and representatives and each and every one of them (collectively, "Releasees") from any and all claims, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), which Releasors have or may have against Releasees, and also covenants not to file any claim or suit alleging a violation of the FLSA and/or NYLL.

    b. Plaintiffs acknowledge that they may discover facts or law different from, or in addition to, the facts or law they know or believe to exist with respect to their released claims. Plaintiffs agree, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

9. **Mutual Non-Disparagement.** Plaintiffs agree that they will not make any comments that will disparage Defendants or any of Defendants' officers, partners, owners, and/or

employees. Likewise, Defendants agree that Defendants and Defendants' officers and owners will not disparage Plaintiffs. For purposes of this Agreement, the term "disparage" shall mean remarks, comments, statements, or communications (written or oral) that: (i) reflect adversely on the business affairs or practices of the person being remarked or commented upon; or (ii) impugn the character, honesty, integrity, morality, business acumen, or abilities in connection with any aspect of the operation of the business or on the person being remarked or commented upon. Nothing herein shall preclude Plaintiffs from making accurate statements concerning the Pending Action and the allegations therein, or this Agreement.

Notwithstanding the foregoing, should Plaintiffs or Defendants be served with a valid subpoena compelling either to provide testimony in connection with judicial and/or administrative proceedings, compliance with said subpoena or statements made during said testimony shall not, in and of itself, violate this Paragraph. However, in the event Plaintiffs or Defendants are served with a valid subpoena, the served party shall notify the other party's counsel as soon as practical about the existence of such subpoena.

10. **Governing Law.** This Agreement is to be construed and governed under the laws of the State of New York, without regard to its choice of law considerations and shall bind the Parties and their respective heirs, estates, successors, and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Plaintiffs acknowledge that they have not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

11. **Severability.** Should any part of this Agreement be declared by a court of competent

jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

12. **Attorneys' Fees and Costs.** Each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Pending Action, except as otherwise specifically provided herein.

13. **Voluntary Settlement**. The Parties hereby represent and warrant that they have entered into this Agreement of their own free will and accord. The Parties further represent and warrant that they have reviewed every term of this Agreement with counsel of their choosing; that the terms of this Agreement have been translated to each Party in his or her native language, if appropriate; and that by executing this Agreement, the Parties fully understand each term included herein and every right and obligation attributed to any Party under this Agreement.

14. **Venue**. The Parties acknowledge that this Agreement is enforceable only in the federal and state courts of New York. Plaintiffs and Defendants hereby waive any pleas of improper jurisdiction or venue in the United States District Court for the Eastern District of New York, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in the United States District Court for the Eastern District of New York, or any other court or agency of proper jurisdiction in the State of New York.

15. **No Other Representations or Agreements**. The Parties acknowledge that, except as expressly set forth herein, no representations of any kind or character have been made

by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

16. **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement.

17. **Construction**. The language of this Agreement shall be in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

18. **Captions.** Any captions to paragraphs or subparagraphs of this Settlement Agreement are provided solely for the convenience of the Parties. They do not constitute and shall not be construed to constitute part of this Agreement and shall not be used as an aid in the interpretation of the Agreement or the contracting intent of the Parties.

19. **Signatories.** Each of the terms of this Agreement is binding upon each of the signatories hereto, their respective predecessors, successors, transferees, executors, administrators, heirs and assigns.

20. **No Assignment.** Except as otherwise referenced herein, the Parties hereto represent and warrant that they have not sold, assigned or transferred any claims, in whole or in part, which are the subject of the releases contained herein.

21. **Execution In Counterparts.** This Agreement may be executed in counterparts by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Facsimile, electronic, e-signed, scanned, and photocopied signatures shall be deemed originals for purposes of this Agreement

22. **Number.** The use of the singular form of any word herein includes the plural and vice versa.

Dated: 4/28/21 , 2021

*Yuseff Parris* (signature)
Yuseff Parris

Dated: _____, 2021

_____
Dawn Littlepage

Dated: _____, 2021

_____
Ntshona Littlepage

Dated: _____, 2021

Lucky Nephew Construction Services Corporation

_____
By:
Title:

Dated: _____, 2021

_____
Alonzo Williams

Dated: _____, 2021

G&M Realty L.P.

_____
By:
Title:

Dated: _____, 2021

_____
David Wolkoff

The Estate of Gerald Wolkoff

_____
By:
Title:

22. **Number.** The use of the singular form of any word herein includes the plural and vice versa.

Dated: _____, 2021

_____
Yuseff Parris

Dated: _____, 2021

*DAWN LITTLEPAGE (Apr 29, 2021 15:08 EDT)*
Dawn Littlepage

Dated: _____, 2021

_____
Ntshona Littlepage

Dated: _____, 2021

Lucky Nephew Construction Services Corporation

_____
By:
Title:

Dated: _____, 2021

_____
Alonzo Williams

Dated: _____, 2021

G&M Realty L.P.

_____
By:
Title:

Dated: _____, 2021

_____
David Wolkoff

The Estate of Gerald Wolkoff

_____
By:
Title:

10

22. **Number.** The use of the singular form of any word herein includes the plural and vice versa.

Dated: _____, 2021

_____
Yuseff Parris

Dated: _____, 2021

_____
Dawn Littlepage

Dated: **04/27/21**_____, 2021

*/s/ N. Littlepage*
_____
Ntshona Littlepage

Dated: _____, 2021

Lucky Nephew Construction Services Corporation

_____
By:
Title:

Dated: _____, 2021

_____
Alonzo Williams

Dated: _____, 2021

G&M Realty L.P.

_____
By:
Title:

Dated: _____, 2021

_____
David Wolkoff

The Estate of Gerald Wolkoff

_____
By:
Title:

10

22. **Number.** The use of the singular form of any word herein includes the plural and vice versa.

Dated: _____, 2021

_____
Yuseff Parris

Dated: _____, 2021

_____
Dawn Littlepage

Dated: _____, 2021

_____
Ntshona Littlepage

Dated: Apr 7, 2021, 2021

Lucky Nephew Construction Services Corporation

_____
By: Alonzo Williams/Owner
Title:

Dated: Apr 7, 2021, 2021

_____
Alonzo Williams

Dated: _____, 2021

G&M Realty L.P.

_____
By:
Title:

Dated: _____, 2021

_____
David Wolkoff

The Estate of Gerald Wolkoff

_____
By:
Title:

22. **Number.** The use of the singular form of any word herein includes the plural and vice versa.

Dated: _____, 2021

_____
Yuseff Parris

Dated: _____, 2021

_____
Dawn Littlepage

Dated: _____, 2021

_____
Ntshona Littlepage

Dated: Apr 7, 2021 , 2021

Lucky Nephew Construction Services Corporation

*[signature]*

By: Alonzo Williams/Owner
Title:

Dated: Apr 7, 2021 , 2021

*[signature]*

Alonzo Williams

Dated: April 30 , 2021

G&M Realty L.P.
By: G.W Holding Corp., general partner
*[signature]*

By: David Wolkoff
Title: President

Dated: April 30 , 2021

*[signature]*
David Wolkoff

The Estate of Gerald Wolkoff

_____
By:
Title:

10

22. **Number.** The use of the singular form of any word herein includes the plural and vice versa.

Dated: _____, 2021

_____
Yuseff Parris

Dated: _____, 2021

_____
Dawn Littlepage

Dated: _____, 2021

_____
Ntshona Littlepage

Dated: Apr 7, 2021 , 2021

Lucky Nephew Construction Services Corporation

By: *[signature]*
Title: Alonzo Williams/Owner

Dated: Apr 7, 2021 , 2021

*[signature]*
Alonzo Williams

Dated: _____, 2021

G&M Realty L.P.

*[signature]*
By:
Title:

Dated: _____, 2021

*[signature]*
David Wolkoff

Dated: April 30, 2021
The Estate of Gerald Wolkoff

*[signature]*
By: Michele D. Wolkoff
Title: Executor

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
YUSEFF PARRIS, DAWN LITTLEPAGE, NTSHONA
LITTLEPAGE, individually and on behalf of all others
similarly situated,

                              Plaintiffs,

                              -against-

LUCKY NEPHEW CONSTRUCTION SERVICES
CORPORATION, G & M REALTY L.P., CHARLES
ROLLINS, ALONZO WILLIAMS, DAVID WOLKOFF, and
GERALD WOLKOFF,

                              Defendants.
------------------------------------------------------------------------X

Civil Action No.
20-cv-01253

## **STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE AND 45 DAY ORDER**

**WHEREAS,** on March 6, 2020, plaintiffs Yuseff Parris, Dawn Littlepage, and Ntshona Littlepage (collectively, "Plaintiffs") filed a Complaint against defendants Lucky Nephew Construction Services Corporation ("Lucky Nephew"), Alonzo Williams ("Williams"), Charles Rollins ("Rollins"), G&M Realty L.P. ("G&M"), David Wolkoff ("David"), and Gerald Wolkoff ("Gerald") asserting claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law ("NYLL");

**WHEREAS,** Rollins was never served with process and has never appeared in this action;

**WHEREAS**, during the pendency of this action, Gerald Wolkoff passed away;

**WHEREAS,** Plaintiffs and Lucky Nephew, Williams, G&M, David, and the estate of Gerald Wolkoff ("Defendants") reached a settlement of this action and of Plaintiffs' claims through arms-length negotiations and have entered into a Settlement Agreement and Release, filed on the Court's docket (the "Agreement"), formally memorializing the parties' settlement;

1

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA and NYLL; and

**WHEREAS**, the dismissal of this action is subject to a motion by Plaintiffs to reopen this action within 45 days of the date on which the Court enters an order approving the Agreement should Defendants fail to timely pay Plaintiffs and Plaintiffs' counsel all monies owed under the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the parties, and ordered by this Court, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that, notwithstanding the dismissal of this action, Plaintiffs shall maintain the right to move the Court to reopen this action within 45 days of the date on which the Court enters an order approving the Agreement should Defendants fail to timely pay Plaintiffs and Plaintiffs' counsel all monies owed under the Agreement; and

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that a copy of the signatures on this Stipulation shall serve the same purposes as original signatures.

**[SIGNATURES ON THE FOLLOWING PAGE]**

Dated: _____, 2021                    Dated: _____, 2021


_____            _____
Adam Sackowitz                                Jarrett Adams
Katz Melinger PLLC                            Jarrett Adams, PLLC
280 Madison Avenue, Suite 600                 40 Fulton Street, Floor 23
New York, New York 10016                      New York, New York 10038
T: (212) 460-0047                             T: (646) 880-9707
ajsackowitz@katzmelinger.com                  jadams@jarrettadamslaw.com
*Attorneys for Plaintiffs*                    *Attorneys for Lucky Nephew and Alonzo Williams*


                                              Dated: _____, 2021


                                              _____
                                              David Mahoney
                                              Silverman Acampora LLP
                                              100 Jericho Quadrangle, Suite 300
                                              Jericho, New York 11753
                                              T: (516) 479-6337
                                              DMahoney@SilvermanAcampora.com
                                              *Attorneys for G&M, David Wolkoff, and The Estate of Gerald Wolkoff*


So Ordered:


_____